**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4451

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES WARREN WHITT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cr-00160-CCE-1)

Submitted:  February 21, 2023                     Decided:  February 23, 2023

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant.  Ashley E. Waid, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Warren Whitt appeals the district court's judgment revoking his term of supervised release and sentencing him to 20 months' imprisonment. On appeal, Whitt's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Although notified of his right to do so, Whitt has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

To revoke supervised release, the district court need only find a violation of a supervised release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Dennison*, 925 F.3d 185, 191 (4th Cir. 2019). We "review[] a district court's decision to revoke a defendant's supervised release for abuse of discretion," its underlying factual findings for clear error, and unpreserved challenges for plain error. *Id.* at 190. Because Whitt admitted the charged violations, we conclude that the district court did not err, plainly or otherwise, in revoking his supervised release.

Turning to Whitt's sentence, "[a] district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* at 208 (internal quotation marks omitted).

2

A district court imposes a procedurally reasonable sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different sentence. *Id.* at 207 (footnote omitted). And a court complies with substantive reasonableness requirements by "sufficiently stat[ing] a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted).

Here, the district court correctly calculated a policy statement range of 4 to 10 months, provided defense counsel with an opportunity to argue for an appropriate sentence, and allowed Whitt to address the court. In deciding to impose two consecutive 10-month sentences, the court emphasized the serious breach of trust occasioned by Whitt's violations, which concerned lying about his employment status by submitting false supervision reports and fabricated paystubs to his probation officer. Further, as the court noted, these violations echoed Whitt's underlying criminal conduct, where he embezzled roughly $360,000 from his employer, and his conduct at sentencing, where he submitted a fake document to the court. For these reasons, the court rejected Whitt's request to be continued on supervised release, explaining that Whitt simply could not be trusted. Based on our review of the record, we conclude that the court acted well within its discretion in conducting the revocation proceeding and fashioning Whitt's revocation sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Whitt's revocation judgment.

3

This court requires that counsel inform Whitt, in writing, of the right to petition the Supreme Court of the United States for further review. If Whitt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Whitt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*